## KING *vs.* MITCHELL.

1. A paper which merely acknowledges the reception by one person of a promissory note from another, is not a contract, and does not exclude foul evidence, showing the contract under which the note passed from the one to the other.

Assumpsit, in Floyd Superior Court.    Tried before Judge HAMMOND, at January Term, 1860.

This was an action brought by Joshua King against Daniel R. Mitchell, Esq., an attorney-at-law, for recovery of damages for neglect of duty in failing to collect a note which plaintiff had put into his hands for collection.

On the trial of the case, the plaintiff introduced in evidence a receipt, of which the following is a copy, to-wit:

"ROME, January 8, 1857.

"Received of Joshua King, per A. J. Bearden, a note on John M. Phinizy, dated 12th of December, 1856, due thirty days after date, for four hundred dollars.

"D. R. MITCHELL."

It also appeared from the testimony that the note mentioned in the receipt was sued on by Mitchell & Harris, (who were law-partners,) on the 9th of April, 1857, in Floyd Inferior Court, and that judgment was obtained on the note, at the November Term, 1857, of said Inferior Court; that a *fi. fa.* issued from the judgment, which was returned *nulla bona*, on the 6th of April, 1858; that all the *fi. fas.* against Phinizy, which were obtained at the August Term, 1857, of Floyd Superior Court, were paid off by a sale of Phinizy's property by the sheriff.

There was a good deal of other testimony introduced, the object of which was to show that, if the note for which the receipt was given had been sued on to the Superior, instead of the Inferior Court of Floyd county, the money due on the note could have been collected, and that the plaintiff had, therefore, lost his money by the negligence of the defendant, Mitchell.

Pending the trial, the plaintiff proposed to prove by A. J. Bearden, that the note was given to D. R. Mitchell, as an

attorney at law, for collection ; and that it was received by said Mitchell for that purpose.   To the introduction of which evidence the said defendant objected, and the Court sustained the objection and repelled said evidence, to which decision plaintiff, by his counsel, excepted.   Plaintiff then proposed to prove by A. J. Bearden, that he, as the agent of the plaintiff, when he gave said note to the defendant, instructed him to bring suit on said note, and in no case to let return day to the next Superior Court pass.   The Court sustained the objection to, and ruled out said evidence, and the plaintiff, by his counsel, excepted.

When the testimony had closed :

The Court charged the jury, that the receipt offered in evidence by the plaintiff imposed no obligation on defendant to collect said note, or to bring suit on the same, and the plaintiff cannot, by parol evidence, vary or add to the terms of the receipt ; and it is necessary in order to charge the defendant in this case, for the plaintiff to show that defendant received said note as an attorney at law, for the purpose of collecting it, and that he neglected to comply with his agreement.   If the jury believed that the defendant did receive said note for collection, and by his negligence the debt was lost, then the defendant is responsible, and not otherwise. The measure of damages is the loss sustained by defendant's neglect, if the jury should believe that defendant has been guilty of neglect.

The jury returned a verdict for the defendant; and the plaintiff, during the regular term of said Court, moved for a. new trial on the following grounds, to-wit:

1st.  Because the verdict is contrary to law.

2d.  Because the verdict is strongly and decidedly against the weight of evidence.

3d.  Because the Court erred in refusing to permit the plaintiff to prove by A. J. Bearden, that the receipt offered in evidence was given by the defendant as an attorney at law for a note given for collection.

4th.  Because the Court erred in refusing to permit plaintiff to prove by A. J. Bearden, that he, as the agent of Dr. King, instructed the defendant, when he gave him the note, to bring suit on said note at the first term of Floyd Superior Court, and in no case to let return day pass without suit.

King *vs.* Mitchell.

After argument had, the Court overruled the motion on all the grounds taken, and the plaintiff excepted, and says that the Court erred in not granting the new trial on all the grounds taken on said motion, and plaintiff further says that the Court erred in charging the jury, that the receipt offered in evidence created no legal obligation to collect said note or bring suit on the same.

SHROPSHIRE, PRINTUP and TERHUNE, for the plaintiff in error.

UNDERWOOD, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The plaintiff introduced in evidence a paper signed by the defendant, acknowledging that the defendant had received from the plaintiff a promissory note on a third person, but silent as to the reason why, or the purpose for which, the possession of the note had been changed from the one to the other. The plaintiff then offered to prove by a witness that the defendant, who was an attorney at law, received the note for the purpose of collecting it for the plaintiff, and with instructions to sue on it immediately. On objection by the defendant, the Court rejected the testimony upon the ground, that parol evidence was not admissible to enlarge the terms of the receipt, he holding that the receipt itself imposed no obligation to collect the note. We think this is an erroneous view of the receipt. It is not a contract, for it does not express any undertaking on either side. It is merely an acknowledgment of a *fact*, that the property of the note was in the plaintiff. From that one fact, it follows, that he had a right to do what he pleased with it, and that the defendant, who took it, was bound to pursue his instructions concerning it, or if he were unwilling to do so, then to return it to him. The *legal effect* of the receipt itself was an undertaking by the defendant, to hold the note subject to plaintiff's order, so long as he should hold it at all. Of course, it was competent for the plaintiff to show what orders he had given.

Judgment reversed.